# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 13-10707
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2014

Lyle W. Cayce
Clerk

————

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

DIAMOND CHARLES MOODY,

Defendant-Appellant

————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:12-CR-339-1

————

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Diamond Charles Moody appeals his conviction of being a felon in possession of a firearm. *See* 18 U.S.C. § 922(g)(1). Relying on *National Federation of Independent Business v. Sebelius,* 132 S. Ct. 2566 (2012) (*National Federation*), he contends that § 922(g)(1) exceeds Congress's power under the Commerce Clause. He argues that § 922(g)(1) is unconstitutional as applied because his factual resume did not state that his possession of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10707

firearm was an economic activity and failed to reflect that he was engaged in the relevant market at the time of the regulated conduct. Further, he contends that § 922(g)(1) is facially unconstitutional because *National Federation* interpreted the Commerce Clause to mandate that "Congress may regulate only ongoing economic activity," and his possession of a firearm purchased many years ago does not qualify. Moody raises these arguments to preserve them for further review. The Government moves for summary affirmance, or in the alternative, for an extension of time to file an appellee's brief.

In *United States v. Wallace,* 889 F.2d 580, 583 (5th Cir. 1989), and decisions following, this court held that § 922(g)(1) was a valid exercise of Congress's authority under the Commerce Clause. *See United States v. Alcantar,* 733 F.3d 143, 145 (5th Cir. 2013), *cert. denied,* 134 S. Ct. 1570 (2014). In *Alcantar*, we determined that *National Federation* did not overrule this court's precedent upholding § 922(g)(1). *See id.* at 146. Whether our review is de novo or for plain error, Moody's challenge to the constitutionality of § 922(g)(1) is foreclosed. *See id.* at 146 & n.4.

Therefore, we GRANT the Government's motion for summary affirmance, DENY its alternative motion for an extension of time to file an appellee's brief, and AFFIRM Moody's conviction.